UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| POSITRON PUBLIC SAFETY SYSTEMS CORP., n/k/a INTRADO SYSTEMS CORP., | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) No. 3:11-CV-91 ) (VARLAN/GUYTON) ) ) |
| DEWAYNE HOLLOWAY, | ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 9] referring Plaintiff's Motion for Expedited Discovery [Doc. 8] to this Court for disposition. The Plaintiff's Motion for Expedited Discovery is now ripe for adjudication, and for the reasons stated below, it will be **DENIED**.

On February 22, 2011, the Plaintiff filed a Complaint [Doc. 1], alleging that the Plaintiff resigned his position with the Plaintiff to join a competitor, microDATA. The Plaintiff alleges that the Defendant's employment with a competitor would violate the terms of a confidentiality agreement he executed with the Plaintiff. The Plaintiff has brought sought seeking: injunctive relief based upon a breach of contract, common law misappropriation of trade secrets and unfair competition, and misappropriation or inevitable disclosure of trade secrets in violation of the Tennessee Uniform Trade Secrets Act. The Plaintiff seeks, *inter alia*, temporary and permanent injunctive relief.

On July 13, 2011, the Defendant filed his Answer [Doc. 6] to the Complaint, and on July 15, 2011, the Plaintiff filed the instant Motion for Expedited Discovery. The Defendant has responded in opposition to the Plaintiff's motion. [Doc. 10].

In the Motion for Expedited Discovery, the Plaintiff argues that, "[i]n order to protect itself against immediate and irreparable harm, it is necessary that Plaintiff be permitted to conduct expedited discovery of Defendant." [Doc. 8 at 2]. The Plaintiff maintains that the allegations contained in the Complaint demonstrate good cause for allowing expedited discovery, and the Plaintiff requests that discovery commence without the parties conducting a Rule 26(f) conference and that the Defendant's deposition take place within fourteen (14) days of any order granting the Motion for Expedited Discovery. [Doc. 8 at 3].

The Defendant responds that the Plaintiff has not demonstrated good cause for expediting discovery. The Defendant states that he is not currently employed and has not been employed with microDATA since December 10, 2010. [Doc. 10 at 1].

Generally, a party may not seek discovery until the parties have conducted a discovery conference pursuant to Rule 26(f). See Fed. R. Civ. P. 26(d). Commencing discovery prior to the Rule 26(f) conference, however, may be appropriate "in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction," where good cause has been shown. See Fed. R. Civ. P. 26(d) 1993 Advisory Committee Notes.

In this case, the Court finds that the Plaintiff has not demonstrated good cause for allowing expedited discovery. This case has been pending for approximately six months, but the parties have not conducted a discovery conference. Rule 26(f) states that a discovery conference should be conducted "as soon as practicable." The Plaintiff has not stated any reason why the parties have not

2

conducted their discovery conference so that discovery can begin. The Plaintiff's request lacks good cause where the parties' failure to meet is delaying the commencement of discovery.

Moreover, the Court has reviewed the parties' filings in this case and the pleadings, and the Court finds that the allegations do not support or necessitate making an exception to the general rule regarding the time line for taking discovery. The Plaintiff's general allegations of irreperable harm are undermined by the timing of its motion and the fact that the Defendant states he is no longer employed by the Plaintiff's competitor.

Accordingly, the Court finds that the Motion for Expedited Discovery **[Doc. 8]** is not well-taken, and it is **DENIED**. The parties **SHALL** conduct a discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, as soon as practicable.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

3

Case 3:11-cv-00091-TAV-HBG   Document 11   Filed 08/05/11   Page 3 of 3   PageID #: 57